**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| ATLANTA FIBERGLASS USA, LLC, a Georgia Limited Liability Company, | : : : : | |
| Plaintiff, | : : | CIVIL ACTION NO. 1:11-CV-4367-RWS |
| v. | : : | |
| KPI, CO., LTD, a Korean Company, | : : | |
| Defendant. | | |

## **ORDER**

This case comes before the Court on Plaintiff Atlanta Fiberglass USA, LLC's ("Plaintiff") Motion for Preliminary Injunction [3]. After reviewing the record and the submissions of the parties, the motion hereby is **DENIED** for the reasons that follow.

## **Background**

This case arises out of an alleged contract for the manufacture and sale of fiberglass fabric. Plaintiff alleges that it and Defendant entered into an "exclusive business agreement" (the "agreement"), whereby:

    (a)    [Defendant] agreed to manufacture all of the products required by [Plaintiff] for sale in the United States,

(b) [Defendant] agreed to sell exclusively to [Plaintiff] in the United States,

(c) [Plaintiff] agreed to sell [Defendant's] goods to both end-users and distributors or resellers known to or developed by [Defendant], and

(d) [Plaintiff] agreed to assist end-users and re-sellers in developing new technologies and specific fiberglass products for exclusive manufacture by KPI.

(Compl., Dkt. [1] ¶ 13.) Plaintiff alleges that the understanding of the parties during the course of performance of the contract was:

(a) that [Defendant] would retain no intellectual property ownership in the technology or products developed by [Plaintiff] and its end users,

(b) that [Defendant] would not sell products manufactured utilizing the technology and products developed by [Plaintiff] and its end users to any person or entity other than [Plaintiff], and

(c) that [Defendant] was granted only a limited license to use the technology to manufacture the materials ordered by [Plaintiff] for its end-users.

(Id. ¶ 16.)

Plaintiff alleges that the parties fully performed under the agreement for fifteen (15) years. (Id. ¶ 22.) On November 18, 2011, however, Defendant allegedly "sent an email to Plaintiff . . . notif[ying] Plaintiff of its intention to

2

materially breach the agreement in a number of ways[.]" (Id. ¶ 23.) In particular, Defendant notified Plaintiff that it "would no longer sell [any] products to [Plaintiff], including, but not limited to, the products that have been developed by [Plaintiff] and its customers" and "would immediately contact all of [Plaintiff]'s customers known to [Defendant] to inform them that [it] would no longer sell to [Plaintiff] but would instead sell directly to [Plaintiff]'s customers." (Id.) Immediately thereafter, Defendant began contacting Plaintiff's customers, including, for example, Alpha Associates, Inc. of Lakewood, New Jersey ("Alpha"). (Id. ¶ 24.) Defendant allegedly advised Alpha,

(a) that [Defendant] was no longer selling goods to [Plaintiff],

(b) that [Defendant] would now sell directly to Alpha, cutting [Plaintiff] out of the stream of commerce, and

(c) that the reason for the termination was [Defendant]'s false accusation that [Plaintiff] had failed to pay its invoices in a timely manner.

(Id.) Plaintiff further alleges that Defendant revealed to Alpha and other customers Plaintiff's "proprietary pricing information." (Id.)

3

AO 72A
(Rev.8/82)

Following these alleged events, Plaintiff filed a nine-count Complaint,[1] alleging claims for: breach of contract (Count I); defamation (Count II); tortious interference with business relations and contractual relations (Counts III & IV); fraud (Count V); misappropriation of trade secrets (Count VI); injunctive relief (Count VII); violation of the Sherman Antitrust Act, 15 U.S.C. § 1, et seq., and the Clayton Act, 15 U.S.C. § 14 (Count VIII); and, finally, violation of O.C.G.A. § 13-8-2, Georgia's statutory prohibition on contracts in restraint of trade (Count IX). Plaintiff now moves for a preliminary injunction, seeking, for a period of 180 days, the following relief:

(a) an order preventing [Defendant] from contacting any of [Plaintiff]'s customers in the United States or otherwise disclosing to any person or entity the proprietary pricing or sales information of [Plaintiff],

(b) an order preventing [Defendant] from selling any of the products manufactured using the intellectual property, proprietary information, and trade secrets of [Plaintiff] developed and licensed to [Defendant] during the fifteen (15) year relationship between [Plaintiff] and [Defendant],

(c) an order preventing [Defendant] from utilizing, disclosing, or otherwise gaining an economic benefit from the use of

---

[1] Counts I-VII are raised in the original Complaint (Dkt. [1]) and Counts VIII and IX are raised in the Amended Complaint (Dkt. [10]). The Court refers to the Complaint and Amended Complaint collectively as the "Complaint."

4

> [Plaintiff]'s trade secret information misappropriated by [Defendant], and
>
> (d) an order that [Defendant] manufacture and deliver all goods ordered by [Plaintiff] or by [Plaintiff]'s customers to [Plaintiff] for deliver [sic] to [Plaintiff]'s customers.

(Pl.'s Mot. for Prelim. Inj., Dkt. [3] at 15-16.) Defendant opposes Plaintiff's motion. (See generally Dkt. [16].)

## Discussion

To be entitled to a preliminary injunction, the moving party must demonstrate: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) the threatened injury to the movant outweighs the damage to the opposing party; and (4) granting the injunction would not be adverse to the public interest. Four Seasons Hotels & Resorts v. Consorcio Barr, 320 F.3d 1205, 1210 (11th Cir. 2003). "The preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant 'clearly carries the burden of persuasion' as to the four prerequisites." United States v. Jefferson Cnty., 720 F.2d 1511, 1518 (11th Cir. 1983) (quoting Canal Auth. v. Callaway, 489 F.2d 567, 573 (5th Cir. 1974)).

5

In this case, the Court finds that Plaintiff is not entitled to a preliminary injunction because it has failed to establish a substantial likelihood of success on the merits of its claims. Plaintiff has presented the Court with no evidence in support of its motion for a preliminary injunction but, instead, relies exclusively on unsubstantiated arguments and the allegations of its unverified Complaint. Absent any evidence to support Plaintiff's claims, the Court cannot find that Plaintiff is substantially likely to succeed on the merits. Because Plaintiff has failed to show a likelihood of success on the merits, the Court need not consider the other prerequisites to preliminary injunctive relief. Plaintiff's Motion for Preliminary Injunction accordingly is **DENIED**.

## Conclusion

In accordance with the foregoing, Plaintiff's Motion for Preliminary Injunction is **DENIED**.

**SO ORDERED**, this   24th   day of September, 2012.

_____
**RICHARD W. STORY**
United States District Judge

6